# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:09-cv-334-W

| | |
|---|---|
| DARRELL BROOKS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LLOYD LAYMAN SHOPE, et al., )<br>)<br>Defendants. )<br>)<br>) | ORDER |

THIS MATTER is before the Court upon Plaintiff's motion for summons requesting that the Court order service be made by a United States Marshal on the named Defendants in this case. (Doc. No. 21). Plaintiff's motion for summons is GRANTED in part and DENIED in part.

As to the summons request on Defendant Dr. James Franklin Kellam, Plaintiff's motion is DENIED. Rule 9(j) of the North Carolina Rules of Civil Procedure states that:

> Any complaint alleging medical malpractice by a health care provider... in failing to comply with the applicable standard of care... shall be dismissed unless:
>
> (1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
>
> (2) The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
>
> (3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur. N.C. Gen. Stat. § 1A-1, Rule 9.

Here, the Plaintiff has failed to comply with the requirements of Rule 9(j). Accordingly,

Plaintiff's motion for summons request on Dr. James Franklin Kellam is DENIED and Plaintiff's medical malpractice claim against Dr. Kellam is DISMISSED. However, Plaintiff's motion for summons request is GRANTED as to the remaining Defendants. The United States Marshals Service is directed to serve the remaining Defendants at the addresses listed by Plaintiff on page 2 of Plaintiff's complaint. (Doc. 1).

    IT IS SO ORDERED.

Signed: November 17, 2009

Frank D. Whitney
United States District Judge