RECEIVED
CHARLOTTE, N.C.
MAR 1 6 2010
Clerk, U. S. Dist. Court
W. Dist. of N. C.

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| DARRELL BROOKS <br><br> PLAINTIFF <br><br> VS. <br><br> LLOYD LAYMAN SHOPE, <br> ENTERPRISE RENT-A-CAR, <br> FORD MOTOR COMPANY, & <br> FORD AIRBAG MANUFACTURER. <br><br> DEFENDANTS. | **VERIFIED COMPLAINT** <br><br><br><br> **SURREPLY** <br><br> CASE ACTION NO: 3:09-CV-00334-FDW-DSC. |

PLAINTIFF'S SURREPLY OBJECTIONS IN OPPOSITION TO DEFENDANTS FORD MOTOR COMPANY'S AND FORD AIRBAG MANUFACTURER, REPLY IN SUPPORT OF MOTION TO DISMISSAL REQUEST.

---

THIS MATTER COMES, BY AND THROUGH, PLAINTIFF'S REQUESTING LEAVE TO SUBMIT SURREPLY TO DEFENDANT'S FORD MOTOR COMPANY AND FORD AIRBAG MANUFACTURER REPLY, PURSUANT TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S DISMISSAL REQUEST, **RESPECTFULLY SUBMITS** SURREPLY IN SUPPORT OF PLAINTIFF MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS DISMISSAL REQUEST.

PLAINTIFF REQUEST, LEAVE TO SUBMIT A SURREPLY RESPONSE TO DEFENDANTS REPLY IN SUPPORT OF INITIAL MOTION TO DISMISS REQUEST.

### SUMMARY OF ARGUMENT

CONTRARY TO DEFENDANTS REPLY ASSERTIONS IN SUPPORT OF MOTION TO DISMISS, FILED BEFORE THE COURTS ON FEBURARY 12, 2010 & RECEIVED BY THE PLAINTIFF ON FEBURARY 22, 2010.

THE PLAINTIFF ASSERTS, RESPECTFULLY THE APPLICABLE ENFORCE & CONTROLLING LAW PURSUANT TO THE MERITS OF STATUTE OF LIMITATION IS A QUESTION OF FEDERAL LAW AS CITED BY NUMEROUS DISTRICT COURTS.

PLAINTIFF ASSERTS, ON JUNE 25, 2009. THE COMPLAINT WAS HANDED TO PRISON OFFICIALS AND THUS UNDER THE PRISONER MAILBOX RULE THE ABOVE DATE IS DEEMED THE DATE THE COMPLAINT WAS FILED, THE APPLICABLE STATUTORY PERIOD APPLIES & THEREFORE, WITHOUT QUESTION THE PLAINTIFF COMPLAINT IS TIMELY AND NOT BARRED BY THE STATUTE OF LIMITATIONS NOR EQUITABLE TOLLING VIOLATIONS.

**DEFENDANT'S ARE CLEARLY IN ERROR REGURDING THE APPLICATION TO THE PRISONER MAILBOX RULE TO THIS CAUSE OF ACTION.**

1) PLAINTIFF'S ASSERTS FURTHER, THE APPLICABLE LAW TO THE PRISONER MAIL BOX RULE WITHIN THE SECOND DISTRICT CITES, 2006. U.S. DIST. LEXIS. 43006:: HILL V. CONWAY 162 FED APPX. 61, 2006 WL 93083 AT 1 (2d cir. 2006)(IN THE ABSENCE OF CONTRARY EVIDENCE, DISTRICT COURTS IN THIS CIRCUIT HAVE TENDED TO ASSUME THAT PRISONERS PAPERS WERE GIVEN TO PRISON OFFICIALS ON THE DATE OF THEIR SIGNING)(CITING CASES); WALKER V. JASTREMSKI, 430 F.3d AT 562-63; DENIS V. N.Y.S. DEPT OF CORR. SERVS, 2006. U.S. DIST. LEXIS. 3118, 2006 WL 217926 AT 11; ROSARIO V. BENNETT, 2002, U.S. DIST. LEXIS. 24495, 01 CIV 7142, 2002, WL 31852827 AT 14 ( S.D.N.Y. DEC 20, 2002)(PECK. M.J.) UNDER THE FEDERAL PRISONERS MAILBOX RULE, INCARCERATED PRO-SE LITIGANTS ARE DEEMED TO HAVE FILED THEIR FEDERAL CIVIL COMPLAINTS PETITION ON THE DATE THE PAPERS WERE HANDED TO PRISON OFFICIAL FOR MAILING)(CITING) HOUSTON V. LACK, <u>487, U.S. 266,</u> 276 108 S.CT. 2379, 2385, 101 L.ED. 2d, 245 (1988).

THE THIRD DISTRICT CIRCUIT ASSERTS THE FOLLOWING AS APPLICABLE LAW

SEE, 2008. U.S. DIST. LEXIS. 48365::JORITS V. EDINBORO UNIV. OF PENN-SYLVANIA::JUNE 23, 2008; 2006. U.S. DIST. LEXIS. 79819::PENDERGRASS V. GRAY::OCTOBER 30, 2006. WITH RESPECT TO FEDERAL LAW TO DETERMINE THE DATE OF ACCRUAL. JACKSON V. NICOLETTI, 875 F.SUPP. 1107, 1009. (E.D. PA. 1994).

THE GENERAL RULE IS THAT A COMPLAINT IS CONSIDER FILED WHEN THE REQUEST TO PROCEED IN FORMA PAUERIS IS GRANTED. TAYLOR V. NAYLOR, NO. 04-1826, 2006, U.S. DIST. LEXIS 27322 AT 10-11(M.D.PA. JAN 31,2006)(LOOKING AT DATE PLAINTIFF SIGNED COMPLAINT TO DEEM IT TIMELY & DENYING THE MOTION TO DISMISS ON STATUTE OF LIMITATIONS GROUNDS) GIBBS V. DECKERS, 234, F. SUPP 2d 458, 462, (D.DEL 2002); LABOY V. DEL. CORR. CTR. 2004. U.S. DIST. LEXIS. 3101 AT 10 (D. DEL. 2004)("...THE DATE ON THE DOCUMENT IS TREATED AS THE DATE OF FILLING) SEE ALSO, MILLER V. NEW JERSEY STATE DEPT OF CORR-ECTIONS, 145 F.3d 616, 618 (3d cir. 1998) (EQUITABLE TOLLING IS IN APPRO-PRIATE REMEDY WHEN PRINCIPLE OF EQUITY WOULD MAKE A RIQIDD APPLICATION OF THE STATUTE OF LIMITATION UNFAIR) SHENDOCK V. OFFICER OF WORKERS COMPEN-SATION PROGRAMS, 893 F.2d 1458, 1462(3d cir. 1990)

PLAINTIFF'S HAS DEMONSTRATED THAT A GENUINE ISSUE OF MATERIAL FACT EXISTS AS TO THE DEFENDANT'S TOLLING & STATUTE OF LIMITATION ALLEGATIONS. AS A MATTER OF LAW, PLAINTIFF REQUEST THAT DEFENDANTS DISMISSAL REQUEST BE DENIED.

### PURSUANT TO PARAGRAPH II, DEFENDANT"S ASSERTIONS BASE ON VIABLE PRODUCT LIABILITY CLAIMS ARE FRIVOLOUS ASSERTIONS.

PLAINTIFF ASSERTS, ¶-D-E. OF THE PLAINTIFF OBJECTIONS & MEMORANDUM OF LAW SUPPORTS HIS ASSERTIONS. UNDER THE CRASHWORTINESS DOCTRINE, LIABILITY IS IMPOSED NOT FOR DEFECTS THAT CAUSE COLLISIONS BUT FOR DEFECT THAT CAUSE INJURIES AFTER COLLISIONS OCCUR. SEE, MICKLE V. BLACKMON, 252 S.C. 202, 166 S.E.2d 173, 185-87 (S.C. 1969). ACCORDINGLY, EVIDENCE ABOUT THE CAUSE

OF THE ORIGINAL ACCIDENT IS NOT RELEVANT. SEE, id; THOMAS V. HARRIS, ENHANCED INJURY: AN ANALYTIC FRAMWORK, 62 N.C. L. REV. 643, 673 (1983)("IN ENHANCED INJURY (CRASHWORTHINESS) CASES,...A CLAIMANT'S FAULT IN CAUSING THE ACCIDENT IS NOT A BASIS FOR REDUCING HIS RECOVERY...(A) MANUFACTURER'S DUTY (269 F.3d 453) IS THAT OF MINIMIZING THE INJURIOUS EFFECTS OF CONTACT HOWEVER CAUSED").

2) DUE TO THE INFLATABLE RESTRAINT SYSTEM (AIRBAG), FAILURE TO DEPLOY UPON IMPACT PROXIMATELY CAUSE THE PLAINTIFF TO SUSTAIN SECONDARY IMPACT INJURIES. (1) FRACTURED BOTH SHOULDERS, (2) FRACTURED THREE RIBS, (3) INTERNAL BLEEDING DUE TO STEERING WHEEL IMPACT, REQUIRING OVER EIGHTY SUTURES IN ABDOMEN, (4) CHEST INJURIES, (5) AND A PUNCTURE LUNG.

3) PLAINTIFF'S ASSERTS FURTHER, THE CRASHWORTHINESS DOCTRINE IMPOSES LIABILITY ON AUTOMOBILE MANUFACTURER FOR DESIGN DEFECTS THAT ENHANCE, RATHER THEN CAUSE INJURIES. THE DOCTRINE APPLIES IF A DESIGN DEFECT, NOT CAUSALLY CONNECTED TO THE COLLISION, RESULTS IN INJURIES GREATER THEN THOSE THAT WOULD HAVE RESULTED, WERE THERE NO DESIGN DEFECT. THE ISSUES FOR PURPOSES OF A CRASHWORTHINESS CASE. THEREFORE, IS ENHANCEMENT OF INJURIES, NOT PRECIPITATING CAUSE OF THE COLLISION.

4) APPLYING THIS RULE, SEVERAL COURTS HAVE CONCLUDED THAT ANY FORM OF FAULT OR NEGLIGENCE BY A DRIVER OR PASSENGER OF AN AUTOMOBILE IS IMMATERIAL UNDER THE CRASHWORTHINESS DOCTRINE, SEE, E.Q. VOLKSWAGEN OF AM. INC, V. MARINELLI, 628 SO.2d 378 385, (ALA. 1993); REED, 494 N.W.2d AT 229-30; ANDREWS, 796 P.2d 1095-96, SEE, BINAKONSKY V. FORD MOTOR CO, 133 F.3d 281, (4th cir. 1998), THE FOURTH CIRCUIT APPLIED THE CRASHWORTHINESS DOCTRINE TO CONCLUDE A DRIVER'S NEGLIGENCE DOES NOT ABSOLVE AN AUTOMOBILE MANUFACTURER OF DUTY "TO REDUCE THE RISK

OF SECONDARY IMPACT INJURIES". id AT 288, (QUOTING) FRERICK V. GENERAL MOTORS CORP, 274 Md 288, 336 A.2d 118, 127 (Md. 1975).

**THEREFORE,** BASE ON THE ABOVE FACTS, THEIR ARE GEUINE ISSUE OF MATTERS OF FACTS, THAT WARRANT SUBMISSION OF THESE COMPLEX ISSUES TO A JURY.

PLAINTIFF REQUEST THE COURT TO REJECT THE DEFENDANTS MOTIONS TO DISMISS IN ITS ENTIRETY & PROVIDE ANY OTHER & FURTHER RELIEF TO WHICH THIS COURT MAY DEEM JUST AND PROPER.

PURSUANT TO TITLE 1746, I, DARRELL BROOKS, ATTEST TO THE FACTS UNDER THE PENALITY OF PURJURY BASE UPON MY PERSONAL KNOWLEDGE THAT THE ABOVE IS A TRUE REPRESENTATION OF THE FACTS.

RESPECTFULLY YOURS

/S/ *Darrell Brooks*
DARRELL BROOKS
16183-171
FCI BUTNER
P.O. BOX 1000
BUTNER, N.C. 27509

DATED: MARCH 11, 2010

## CERTIFICATE OF SERVICE

I HERE BY CERTIFY THAT ON MARCH 11, 2010, I FILE THE FORGOING CERTIFICATION OF LEAVE REQUEST, & PLAINTIFF SURREPLY TO DEFENDANTS MOTION TO DISMISS REQUEST, WITH THE CLERK OF COURT AND FILING SUCH TO THE FOLLOWING:

> F. FINCHER JARRELL
> K&L GATES, LLP
> HEARST TOWER
> 214 NORTH TRYON STREET, 47th floor
> CHARLOTTE, N.C. 28202
> ATTORNEY FOR LLOYD LAYMAN SHOPE

> R. ANOTHONEY HARTSOE
> HARTSOE & ASSOCIATE, P.C.
> 1068 W. FOURTH STREET
> WINSTON-SALEM, N.C. 27101
> ATTORNEY FOR ENTERPRISE LEASING
> COMPANY-SOUTHEAST, LLC

> KIRK G. WARNER
> SMITH ANDERSON BLOUNT DORSETT MITCHELL &
> JERNIGAN, LLP
> POST OFFICE BOX 2611
> 2500 WACHOVIA CAPITOL CENTER
> RALEIGH, NORTH CAROLINA 27602-2611
> ATTORNEY FOR DEFENDANTS, FORD MOTOR COMPANY,
> FORD AIRBAG MANUFACTURER.

IN ADDITION, SERVICE IS BEING MADE ON THE ABOVE DATE BY PLACING A TRUE COPY THERE OF IN THE UNITED STATES MAIL. FIRST CLASS POSTAGE PREPAID, ADDRESSED AS FOLLOWS:

> MR, DARRELL BROOKS
> 16183-171
> FCI BUTNER
> P.O. BOX 1000
> BUTNER, N.C. 27509

/S/ *Darrell Brooks*
DARRELL BROOKS PRO-SE
PLAINTIFF.

Name: DARRELL BROOKS 16183-171
Number:
Federal Correctional Institution
P.O. Box 1000
Butner, NC 27509

MR. FRANK G. JOHNS, CLERK
OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
ROOM 210, CHARLES R. JONAS BUILDING
410 W. TRADE STREET
CHARLOTTE, NORTH CAROLINA 28202

28202+1627

LEGAL MAIL