# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
#### DOCKET NO. 3:09-cv-334-W

| | | |
|---|---|---|
| **DARRELL BROOKS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **LLOYD LAYMAN SHOPE, ENTERPRISE** | ) | |
| **CAR RENTAL, FORD MOTOR** | ) | |
| **COMPANY, and FORD AIR BAG** | ) | |
| **MANUFACTURER,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

THIS MATTER is before the Court upon Defendant Enterprise Car Rental's[1] Motions to

Dismiss (Docs. Nos. 21 and 31) and Defendants Ford Motor Company's and "Ford Air Bag

Manufacturer's"[2] Motion to Dismiss (Doc. No. 26). Defendant Enterprise Car Rental and

Defendants Ford Motor Company and "Ford Air Bag Manufacturer" maintain Plaintiff's complaint

should be dismissed based on lack of personal jurisdiction, insufficiency of service of process,

insufficiency of process, and failure to state a claim upon which relief can be granted because

Plaintiff's claims are barred by the applicable statute of limitations. Defendant Enterprise Car

Rental adds an additional basis for dismissal, which is lack of subject matter jurisdiction on the

grounds that diversity jurisdiction does not exist between the parties. Since Plaintiff is proceeding

*pro se*, the Court issued a cautionary Roseboro Notice on December 22, 2009, advising Plaintiff of

---

[1]Enterprise Car Rental made a special appearance to object to the Court exercising jurisdiction and also
contended Enterprise was not properly designated in *pro se* Plaintiff's complaint. Enterprise states its formal
corporate name was "Enterprise Leasing Company- Southeast." For the purposes of this Order, the Court has
referenced the named Defendant without deciding the merits of whether Enterprise Car Rental was properly named.

[2]Ford Motor Company in its motion to dismiss states that the entity "Ford Air Bag Manufacturer" does not
exist. For the purposes of this Order, the Court has referenced the named Defendant without deciding the merits of
whether "Ford Air Bag Manufacturer" was properly named.

his right to respond to the existing Motions to Dismiss and reminding Plaintiff of the burden he carries in responding to the Motions. (Doc. No. 28). Plaintiff filed a motion for extension of time to file a response to the pending Motions to Dismiss, and the assigned Magistrate Judge granted the extension and again reminded Plaintiff of the burden he carries in responding to the Motions. (Doc. No. 38). Plaintiff submitted multiple responses to Defendants' Motions to Dismiss (Docs. Nos. 44, 45, 46, 50). The Court has reviewed these responses as well as the reply of Defendants Ford Motor Company and "Ford Air Bag Manufacturer." (Doc. No. 49).

This matter has been fully briefed and is ripe for disposition. Due to the absence of complete diversity of citizenship between Plaintiff and Defendants, the Court finds that it must dismiss this action for lack of subject matter jurisdiction. Accordingly, for the reasons set forth, Defendant Enterprise Car Rental's Motions to Dismiss (Docs. Nos. 21 and 31) are GRANTED. For the same reasons, Defendants Ford Motor Company's and "Ford Air Bag Manufacturer's" Motion to Dismiss (Doc. No. 26) is GRANTED, albeit on other grounds not raised in the motion.

## I. BACKGROUND

Plaintiff, who is proceeding *pro se*, filed this action in the United States District Court for the Southern District of New York based on diversity jurisdiction. The Southern District of New York issued an order on July 27, 2009, transferring the matter to the Western District of North Carolina in accordance with 28 U.S.C. §§ 1391(a) and 1406(a) since three of the Defendants reside in Charlotte, North Carolina, and the accident occurred in Mecklenburg County, North Carolina. Plaintiff was incarcerated at a correctional facility in Brooklyn, New York, at the time of filing, but has since been transferred to a correctional facility in Butner, North Carolina.

The basis of Plaintiff's complaint arises from a two-vehicle accident that occurred in Mecklenburg County, North Carolina, on June 27, 2006, between Plaintiff's vehicle and a tractor-

trailer driven by Defendant Lloyd Shope.  Plaintiff seeks to recover for personal injuries sustained resulting from the accident.  At the time of the accident, Plaintiff was driving a rental vehicle, a 2006 Ford Focus, obtained from Defendant Enterprise Car Rental.  Plaintiff maintains the airbag in the vehicle was defective and failed to deploy upon impact, and thus asserts claims against Ford Motor Company and an entity purported to be "Ford Air Bag Manufacturer."  Plaintiff  also asserted a medical malpractice claim against Dr. James Franklin Kellam in his original complaint, but the Court dismissed that claim for other reasons.  (Doc. No. 11).

## II.  DISCUSSION

An action lies within the federal district court's diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . . ."  28 U.S.C. § 1332(a)(1).  This statute requires complete diversity among the parties, which means that no defendant can have the same citizenship as any plaintiff.  See, e.g., Wisconsin Dep't. Of Corrs. v. Schacht, 524 U.S. 381, 388 (1998); Owen Equip. and Erection Co. v. Kroger, 437 U.S. 365, 373 (1978); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806).  If complete diversity is not satisfied, then the federal court will lack subject matter jurisdiction to hear the case.  28 U.S.C. § 1332; Owen, 437 U.S. at 373.  "The citizenship of the parties at the time of commencement of the action determines whether the requisite diversity exists."  See Rowland v. Patterson, 882 F.2d 97, 98 (4th Cir. 1989) (citations omitted); see also Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., et al., 2010 WL 1434298, at * 2 (W.D.N.C. April 6, 2010) (citations omitted).

Plaintiff asserts in his complaint the basis for federal court jurisdiction is diversity of citizenship, and lists his state of citizenship as New York, where Plaintiff was incarcerated at the time.  (Pl. complaint, at 2, Doc. No. 1.).  However, for diversity jurisdiction purposes, a prisoner's

domicile is presumed to be where he was domiciled prior to incarceration.  See Roberts v. Morchower, 1992 WL 42885, *1 (4th Cir. 1992) (citing Polakoff v. Henderson, 370 F. Supp. 690, 693 (N.D. Ga. 1973), aff'd 488 F.2d 977 (5th Cir. 1974)).  As a result, the Court must look to the Plaintiff's prior domicile to determine citizenship.

Generally, "domicile is an individual's place of residence where he intends to remain permanently or indefinitely and to which he intends to return whenever he is away."  Mayfield, 2010 WL 1434298, at * 2 (citing Hollowell v. Hux, 229 F.Supp. 50, 52 (E.D.N.C. 1964)).  In determining a person's domicile, courts may consider factors such as: "the person's declarations, place of business, payment of taxes, house of residence, driver's license and automobile registration and title, ownership of real and personal property, telephone number and listing, payment for utilities, receipt of mail, and exercise of political rights or satisfaction of the domicile's requirements to register to vote."  Mayfield, 2010 WL 1434298, at * 2 (citing Janeau v. Pitman Mfg. Co., No. C-C-90-194-V, 1991 WL 538679, at *3 (W.D.N.C. Oct. 25, 1991)).  While no one factor is determinative, some factors carry more weight than others.  Id.  For instance, the state in which an individual is registered to vote raises a presumption that the individual is a citizen of that state, and "the presumption must be rebutted by evidence showing a clear intention that his citizenship is otherwise."  Id. (citing Griffin v. Matthews, 310 F.Supp. 341, 343 (M.D.N.C. 1969)).  Further, a mere change in residence by itself is insufficient to alter one's domicile or citizenship.  Janeau, 1991 WL 538679, at *3 (citations omitted).  To effect a change in domicile, an individual "must take up residence in a different domicile with the intent to remain there."  Id.

Plaintiff no longer maintains that he is a citizen of New York, as he originally listed in his complaint, but instead contends he is a citizen of South Carolina.  However, a review of the factors listed above seem to indicate that Plaintiff was in fact a North Carolina citizen at the time of filing.

Prior to Plaintiff's incarceration, Plaintiff was registered to vote in North Carolina since 2005 and remained eligible to vote in North Carolina. (Doc. No. 34, Exhibit 2). This voter registration in itself raises a presumption that Plaintiff was a citizen of North Carolina, which Plaintiff has failed to rebut. Plaintiff also had a North Carolina driver's license that apparently remained valid until March 2010. (Doc. No. 34, Exhibit 3). A 1999 Ford Econoline Cargo Van was also registered to Defendant as late as August 2007. (Doc. No. 34, Exhibit 3). A public records search indicates that Plaintiff maintained a residence in Charlotte, North Carolina, between August 2005 and September 2007, and used a Charlotte, North Carolina, address on other records even after September 2007. (Doc. No. 34, Exhibit 1). This search also indicated Plaintiff lived in South Carolina sometime following September 2007. (Doc. No. 34, Exhibit 1). Plaintiff lived with his mother in South Carolina, and by his own admission states that he was striving to establish gainful employment before relocating back to Charlotte, North Carolina, where his child and child's mother resided. While there was a change in Defendant's location to South Carolina, the Court finds this did not affect Plaintiff's domicile because Plaintiff admits it was not his intent to permanently stay in South Carolina living with his mother. Rather, Plaintiff's intent was to return North Carolina. Considering Plaintiff's intent coupled with the voter registration, driver's license, and other public records, the Court finds Plaintiff is domiciled and a citizen of North Carolina for the purposes of this action.

It is undisputed that Defendant Lloyd Shope is a citizen of North Carolina and that Defendant Enterprise Rental Car was incorporated in North Carolina until August 2009, after this action was filed.[3] Due to Plaintiff being a citizen of North Carolina and some Defendants being

_____

[3] The records indicate that "Enterprise Leasing Company- Southeast" was incorporated in North Carolina from September 2001 until August 2009. (Doc. No. 35). As previously stated, Defendant Enterprise Rental Company by way of a special appearance maintains it was not properly named in his action.

citizens of North Carolina, complete diversity does not exist, and this Court lacks subject matter jurisdiction to hear this action. Therefore, the complaint must be dismissed without prejudice. Since this Court lacks subject matter jurisdiction over this matter, the Court will not address Defendants' other bases for dismissal.

ACCORDINGLY, IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

1. Defendant Enterprise Car Rental's Motions to Dismiss (Docs. Nos. 21 and 31) are GRANTED;

2. Defendants Ford Motor Company's and "Ford Air Bag Manufacturer's" Motion to Dismiss (Doc. No. 26) is GRANTED on other grounds than those raised in the motion;

3. Plaintiff's complaint is DISMISSED without prejudice; and

4. The Clerk is directed to terminate any outstanding motions and close this case. The Clerk is further directed to send a copy of this Order to Plaintiff, Mr. Darrell Brooks, Register #16183171, c/o Federal Correctional Institution, P.O. Box 1000, Butner, North Carolina, 27509, which is his address of record.

IT IS SO ORDERED.

Signed: May 21, 2010

Frank D. Whitney
United States District Judge