**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-1763

DARRELL BROOKS,

    Plaintiff - Appellant,

v.

LLOYD LAYMAN SHOPE; ENTERPRISE CAR RENTAL; FORD MOTOR COMPANY; FORD AIR BAG MANUFACTURER,

    Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:09-cv-00334-FDW-DSC)

Submitted:   May 19, 2011          Decided:   May 23, 2011

Before TRAXLER, Chief Judge, and AGEE and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Darrell Brooks, Appellant Pro Se. Fred Fincher Jarrell, K&L GATES LLP, Charlotte, North Carolina; Robert A. Hartsoe, HARTSOE & ASSOCIATES, PC, Winston-Salem, North Carolina; Kirk Gibson Warner, SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, LLP, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrell Brooks appeals the district court's orders granting the Defendants' motions to dismiss Brooks's civil action for lack of subject matter jurisdiction and denying his motion to alter or amend judgment. On appeal, Brooks contends that the district court erroneously found him to be a citizen of North Carolina and thus found complete diversity of citizenship to be lacking. We affirm.

"If the district court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). When a defendant challenges the existence of subject matter jurisdiction in fact, "the plaintiff bears the burden of proving the truth of such facts by a preponderance of the evidence." United States ex. rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). Unless the jurisdictional facts are intertwined with the facts central to the dispute, the district court may "resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits." Id. at 348.

"Citizenship, like the other ingredients or elements of diversity jurisdiction . . . presents a preliminary question of fact to be determined by the trial court." Sligh v. Doe, 596 F.2d 1169, 1171 (4th Cir. 1979). "We review a district court's

2

jurisdictional findings of fact on any issues that are not intertwined with the facts central to the merits of the plaintiff's claims under the clearly erroneous standard and any legal conclusions flowing therefrom de novo." Vuyyuru, 555 F.3d at 348.

      Mindful of these standards, we have reviewed the record and find no reversible error. Brooks failed to carry his burden of demonstrating the district court's jurisdiction over the matter. Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3